# NORTH-SOUTH FREIGHTWAYS, Inc., v. SLATEN.
## —186 S. W. (2d) 336.

Eastern Section.   April 15, 1944.

Affirmed by Supreme Court Without Opinion, February 3, 1945.

Sizer & Kefauver and Moon & Anderson, all of Chattanooga, for plaintiff in error.

Strang, Fletcher & Carriger, of Chattanooga, and Philip F. Etheridge, of Atlanta, Ga., for defendant in error.

BURNETT, J.   We have this day handed down an opinion on the merits of this case.   In that opinion we do not consider the questions raised by the Wayside bill of exceptions herein.   Assignments of errors as to the merits of this case were filed herein on February 24, 1944. No assignment was therein made to the questions raised by the Wayside bill of exceptions.   On the hearing of this case, March 13, 1944, a motion was made "for leave to file additional assignments of error as an amendment to the assignments of error heretofore filed."   This motion was opposed by the defendant-in-error.

This motion to file additional assignments must be denied because the movant has not shown a reasonable ground for his delay is not filing these assignments within the time previously allowed for the purpose.

Considering these amended assignments as if they had been filed within time we find no merit therein.   They present questions raised by plea in abatement to the service of process herein.   The fact questions raised by this plea in abatement were tried to a jury which returned a verdict against the plea in abatement.

The North-South Freightways, Inc., was a New Jersey corporation.   The deceased, Slaten, was a non-resident. Both parties were using the roads of this state when

this accident happened. Service of process was had herein on one Louis Friedman of Chattanooga, Tennessee. Friedman was formerly a resident of New Jersey and while living in that state he knew and traded with officers of Freightways. In 1939 the Hamilton Storage Co. of New Jersey went into bankruptcy. Freightways purchased their assets. The officers of Hamilton and Freightways were the same. Hamilton moved Friedman to Chattanooga and he was made their agent in this state for the service of process so that they might comply with the Federal Motor Carrier Act, Title 49 U. S. C. A., sec. 321(a). After Freightways was organized and took over Hamilton they never officially designated any one to act as their agent in this state in so far as the records of the officials of this state disclosed. Freightways had filed an application with the Motor Vehicle Department of this State seeking its approval of the purchase of the Hamilton permit.

After the occurrence of the accident in this case inquiry was made of the Commissioner of Motor Vehicles of Tennessee as to who was the agent of Freightways here for service of process. The Commissioner wrote Freightways several letters about the matter and on April 29, 1942 received a letter from Freightways as follows:

"In answer to your letter of April 21, 1942, kindly be advised that an agent for service of process in the State of Tennessee is still Mr. Louis Friedman, 412 Pine Street, Chattanooga, Tennessee." This letter was written and signed by an officer, Vice-President, of Freightways.

Thereafter this suit was instituted with service of process on Friedman. Friedman denies any knowledge of the fact that he was agent for Freightways.

It is argued that since Friedman had no knowledge of this agency and had not accepted it, he is not such an agent.

As between principal and agent, the minds of the parties must meet in establishing the agency. When third persons are involved "an agency may arise by necessity, from acts and appearances which lead others to believe that such a relation has been created, i. e., by estoppel; or from operation of law." 2 Am. Jur., page 24, sec. 21.

In the case before us we think that it may be assumed as true that Friedman had no knowledge of his agency. Even though this be true, the principal, Freightways, through their authorized official, wrote the Commissioner of Motor Vehicles of this State that Friedman was "still" its agent for the service of process. Freightways are certainly estopped to now question this agency for the purpose herein used. Freightways' predecessor had so named Friedman; Freightways was essentially the same corporation as its predecessor which had named Friedman; Freightways evidently assumed that since they had asked to use the permit of their predecessors they were likewise designating the same service of process agent. As between themselves and a third person they cannot raise the question.

McAmis and Hale, JJ., concur.